UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Case No. 01-140 (RCL) |
| WILLIE HANKERSON, | ) |
| | ) |
| Defendant. | ) |

**FILED**

NOV 20 2008

Clerk, U.S. District and
Bankruptcy Courts

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Now before the Court comes petitioner Hankerson's motion [38] and supplemental motion [39] to reduce his sentence because of a clerical error. The petitioner has also filed a motion [37] for court appointed counsel. Upon consideration of the motions, the government's opposition [41], the entire record herein, and applicable law, the motions will be DENIED.

### II. ANALYSIS

Petitioner contends (1) that the Court orally pronounced from the bench during his sentencing that he was supposed to receive credit for 8 years time served but that his judgment did not reflect that oral pronouncement; and (2) that his judgment was unlawfully amended outside of his presence. Therefore, he argues that his sentence reflects a clerical error and should be corrected pursuant to Federal Rule of Criminal Procedure 36.

Petitioner's first claim, that his sentence was 17 years but that he would be given credit

1

for 8 years time served, is contrary to the record. The transcript of his sentencing does not reflect any pronouncement that he was to be given credit for time served. (Ex. A to Gov't Opp'n.) To the contrary, the Court stated that the defendant was to be "committed to the custody of the Bureau of Prisons, to be imprisoned for 17 years on counts one [through] six, all counts to be served concurrently." (Ex. A to Gov't Opp'n, Tr. at 26:24–25, 27:1.) There was no mention of giving the defendant credit for time served and in fact the Court stated that "the crimes are serious, and, in my view, warrant the 17 years that the government suggests, and I really can't see going below that because I start with the proposition that somebody who commits four murders should never walk the streets again." (Tr. at 26:14–18.) Accordingly, petitioner's patently false claim will be rejected.

Petitioner's second claim, that the judgment was unlawfully modified outside of his presence is meritless. The first judgment, entered on May 31, 2006, erroneously noted his case number as 04-140-01. However, because petitioner's case number is actually 01-140-01, a modified judgment was entered on June 5, 2006 to reflect that change. The judgments are identical in all other respects—both reflect that the petitioner was to serve concurrent sentences of 17 years. (Ex. B & C to Gov't Opp'n.) Federal Rule of Criminal Procedure 35(a) permits clerical corrections, and there is no authority for the proposition that the defendant is required to be present.

### III. <u>CONCLUSION AND ORDER</u>

For the reasons set forth above, it is hereby

ORDERED that the petitioner's motions [38], [39] are DENIED. It is further

ORDERED that the petitioner's motion [37] for court appointed counsel is DENIED.

SO ORDERED.

_____Royce C. Lamberth_____     _11/20/08_____
Chief Judge Royce C. Lamberth            Date